IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TONY SMITH, | ) |
| Plaintiff, | ) Civil Action No. |
| v. | ) |
| E-BACKGROUNDCHECKS.COM, INC. and STERLING INFOSYSTEMS, INC. | ) |
| Defendants. | ) |

## COMPLAINT

1. This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended.*

## PARTIES

2. Plaintiff Tony Smith is an adult individual who resides at 3460 Patricia Road, Powder Spring, GA 30127.

3. Defendant E-Backgroundchecks.com, Inc. (hereafter "Backgroundchecks.com") is a consumer reporting agency that regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business located at 12770 Coit Road, Suite 1150, Dallas, TX 75251.

4. Defendant Sterling Infosystems, Inc. (hereafter "Sterling") is a consumer reporting agency that regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business located at 249 West $17^{tt}$ Street., 6th Floor, New York, NY 10011.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331.

6. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**FACTUAL ALLEGATIONS**

7. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history to third parties ("inaccurate information").

8. The inaccurate information includes, but is not limited to convictions for possession of a controlled substance by an unregistered person, carrying firearms without license and criminal conspiracy from Philadelphia, Pennsylvania which are not convictions against Plaintiff, but instead against another person whom Plaintiff does not know and is of no relation to Plaintiff.

9. Defendants, however, has been inaccurately reporting these charges on Plaintiff's consumer report.

10. Defendants have been reporting the inaccurate information through the issuance of false and inaccurate consumer reports that it has disseminated and resold to various persons, both known and unknown.

11. In or around September 2012, Plaintiff applied for and was denied employment with Dart Transportation and May Trucking as a truck driver.

12. The basis for these job denials was the inaccurate information that appears on Plaintiff's consumer report with Backgroundchecks.com, which was a substantial factor for the denial.

13. Plaintiff further received no notice from Backgroundchecks.com in connection with the application that public record information was being reported about Plaintiff to May Trucking.

14. Plaintiff has disputed the inaccurate information with Defendant by following Backgroundchecks.com established procedures for disputing consumer information.

15. Plaintiff has disputed the inaccurate information with Backgroundchecks.com from September 2012 through the present.

16. Notwithstanding Plaintiff's efforts, Backgroundchecks.com continues to publish and disseminate such inaccurate information to other third parties. Backgroundchecks.com has repeatedly published and disseminated consumer reports to such third parties from at least September 2012 through the present.

17. Despite Plaintiff's efforts, Backgroundchecks.com has never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; or (4) other relevant documents from the entities furnishing the inaccurate information.

18. Notwithstanding the above, in or around December 2012, Plaintiff employment with Hazen Transport as a truck driver was suspended.

19. The basis for this suspension of employment was the inaccurate information that appears on Plaintiff's consumer report with Sterling, which was a substantial factor for the suspension of his employment

20. Plaintiff further received no notice from Sterling in connection with the application that public record information was being reported about Plaintiff to Hazen Transport.

21. Plaintiff has disputed the inaccurate information with Sterling from December 2012 through the present.

22. Notwithstanding Plaintiff's efforts, Sterling continued to publish and disseminate such inaccurate information to other third parties. Sterling has repeatedly published and disseminated consumer reports to such third parties from at least November 2012 through the present.

23. Despite Plaintiff's efforts, Sterling has never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; or (4) other relevant documents from the entities furnishing the inaccurate information.

24. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost employment opportunity, harm to reputation, emotional distress, humiliation and embarrassment.

25. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

26. At all times pertinent hereto, the conduct of Defendants, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

**COUNT I - ALL DEFENDANTS**
**VIOLATIONS OF THE FCRA**

27. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

28. At all times pertinent hereto, Defendants were "persons" and "consumer reporting agencies" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

29. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

30. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

31. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendants are liable to Plaintiff for:

> (a) willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer report, information and file, in violation of 15 U.S.C. §1681e(b);
>
> (b) willfully and negligently failing to comply with the requirements imposed on a credit reporting agency pursuant to 15 U.S.C. §1681i;
>
> (c) willfully and negligently failing to provide notice to Plaintiff that public record information was being reported for employment purposes in violation of 15 U.S.C § 1681k; and
>
> (d) willfully and negligently failing to employ strict procedures to ensure that public record information is complete and up to date, in violation of 15 U.S.C § 1681k.

32. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### JURY TRIAL DEMAND

33. Plaintiff demands trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorneys fees pursuant to 15 U.S.C. §§ 1681n and 1681o;

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C.**

BY:   */s/ Mark D. Mailman*
MARK D. MAILMAN, ESQUIRE
GREGORY GORSKI, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff

Dated:  May 20, 2013