# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TONY SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>E-BACKGROUNDCHECKS.COM, INC.,<br><br>    Defendant. | CIVIL ACTION NO.<br>1:13-cv-02658-WBH-RGV |

## DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S
## **REPORT AND RECOMMENDATION**

| | |
|---|---|
| **KILPATRICK TOWNSEND &**<br>   **STOCKTON LLP**<br>1100 Peachtree St. NE<br>Suite 2800<br>Atlanta, GA  30309<br>Telephone:  (404) 815-6500<br>Facsimile:   (404) 815-6555 | Cindy D. Hanson (GA Bar No. 323920)<br>John P. Jett (GA Bar No. 827033)<br>Ross D. Andre (GA Bar No. 280210)<br>chanson@kilpatricktownsend.com<br>jjett@kilpatricktownsend.com<br>randre@kilpatricktownsend.com |

*Counsel for Defendant E-BackgroundChecks.com*

US2008 6122670 5

Defendant E-backgroundchecks.com, Inc. ("BGC") respectfully objects to portions of the Magistrate Judge's Non-Final Report and Recommendation ("R&R") [Dkt. No. 54] recommending that the Court grant in part and deny in part BGC's Motion for Summary Judgment ("MSJ") [Dkt. No. 35]. The R&R contains a number of conclusions and recommendations with respect to BGC's MSJ. BGC challenges two: (1) that Plaintiff had adequate evidence of emotional or reputational harm to survive summary judgment; and (2) that BGC is not entitled to summary judgment on Plaintiff's willfulness claim under section 1681e(b) of the Fair Credit reporting Act ("FCRA").

First, courts in this Circuit and nationwide have repeatedly held that a Plaintiff must have more evidence of emotional or reputational harm than their own conclusory testimony – *i.e.*, they must have some sort of independent corroborating evidence of harm. Plaintiff, by his own admission, has none. Instead, his evidentiary proffer consists of snippets of his own testimony where he described feeling, in general terms, upset. Contrary to case law, the R&R accepted that evidence as sufficient. BGC objects to that conclusion, which was based on a single inapposite in-District case and an unpublished district court case from Washington. The authorities on which the Magistrate Judge relied are inapplicable, criticized, and out of line with recent authority nationwide. The

1

evidence that Plaintiff has brought to this Court is insufficient as a matter of law to survive summary judgment on any claim that BGC negligently violated the FCRA.

Second, section 1681e(b) of the FCRA requires that a consumer reporting agency ("CRA") maintain "reasonable procedures" to ensure "maximum possible accuracy" of reports.  Here, the evidence proves that BGC's procedures are and were, as a matter of law, reasonable – they result in accuracy in the vast majority of instances and no court or other authority has ever given contrary guidance on the standard for "reasonable procedures" under the FCRA.  Moreover, as a recent Report and Recommendation from another case before this Court correctly notes, the disclaimer about accuracy on Plaintiff's report rebuffs any notion that a jury could find that BGC willfully violated the statute.

## OBJECTIONS

**I.   BGC objects to the R&R's conclusion that Plaintiff has sufficient evidence of emotional and reputational damages**

Plaintiff's only evidence of emotional damages is his own conclusory testimony that as a result of BGC's background report – which BGC fixed in two days and that the R&R correctly recognized cost Plaintiff no job opportunities or lost wages – he was allegedly aggrieved and suffered lost sleep and anxiety. Deposition of Tony Smith [Dkt. No. 39-2] at 79:14-82:21.  Plaintiff has no

US2008 6122670 5

corroborating evidence of that (or any other) harm whatsoever – no third-party testimony, no medical records, and nothing that would otherwise substantiate his own testimony standing alone.

As noted in BGC's motion, Plaintiff has the burden – a burden he has not met – to provide evidence of the existence *and extent* of his alleged damages.  *See, e.g.*, *Rambarran v. Bank of Am., N.A.*, 609 F. Supp. 2d 1253, 1262-63 (S.D. Fla. 2009).  Plaintiff's failure in this case "to produce evidence of damages resulting from a FCRA violation ***mandates summary judgment.***"  *Nagle v. Experian Info. Solutions, Inc.*, 297 F.3d 1305, 1307 (11th Cir. 2002) (emphasis added).

### A.   The R&R's authorities in support of its conclusion with respect to actual damages do not warrant denying BGC's motion

The R&R concluded that Plaintiff had, in his deposition testimony alone, adequate evidence of reputation and emotional harm.  R&R at 36-37.  That conclusion was based on only two authorities:  (1) a case from this District that is contrary to the majority trend and has been roundly criticized by later decisions, and (2) an unreported district Court case from the Western District of Washington.  *Id.* at 37 (citing *King v. Asset Acceptance, LLC*, 452 F. Supp. 2d 1272 (N.D. Ga. 2006) and *Rogers v. JPMorgan Chase Bank, N.A.*, No. C11-1689JLR, 2012 WL 2190900 (W.D. Wash. June 13, 2012)).

*King* is, put simply, an outlier in this Circuit and a case whose reasoning should not be accepted by this Court. In *King*, the court allowed an FCRA negligence claim to proceed to trial based on the plaintiff's testimony of emotional distress. Subsequent cases from this Circuit have surveyed this issue and concluded that not only is the reasoning in *King* unavailing, it is also contrary to subsequent decisions in this Circuit and beyond.

In *Rambarran v. Bank of America, N.A.*, 609 F. Supp. 2d 1253 (S.D. Fla. 2009), the court stated:

> The undersigned begins by recognizing that, in *King v. Asset Acceptance, LLC*, 452 F. Supp. 2d 1272, 1281 (N.D. Ga. 2006), another Court in this Circuit permitted an FCRA claim to proceed to trial even though the only evidence of emotional distress damages was based solely on the plaintiff's own testimony. This precedent is not persuasive, however, for the reasons that follow. First, the Court in *King* relied on *Moore v. Equifax Info. Servs., LLC*, 333 F.Supp.2d 1360, 1365 & n. 3 (N.D. Ga. 2004), for the proposition that "a plaintiff is not required to produce evidence of emotional distress beyond his own testimony." *King*, 452 F.Supp.2d at 1281. Two other courts faced with the same question since Moore was decided, however, have come out the other way and required more than an FCRA plaintiff's own testimony to support a claim for emotional distress damages. *See Sampson v. Equifax Info. Servs.*, LLC, No. CV204–187, 2005 WL 2095092, at *5 (S.D. Ga. Aug. 29, 2005) (collecting cases and concluding that an FCRA plaintiff "must produce some form of independent, corroborating evidence of her humiliation and embarrassment at trial to recover compensatory damages for emotional distress"); *Jordan v. Trans Union LLC*, No. 1:05 CV 305 GET, 2006 WL 1663324, at *7–8 (N.D. Ga. June 12, 2006) (holding, in a case arising under the FCRA, that "[t]he

4

> remainder of plaintiff's complaints such as feeling frustrated and degraded are insufficient, standing alone, to support damages for mental anguish."). In addition, *Moore* provides dubious support for the conclusion reached in *King*, because the plaintiff in *Moore* did not rely exclusively on his own testimony of emotional distress damages to withstand summary judgment, as there was evidence of actual monetary damage based on "Equifax's publication of the inaccurate bad check report in plaintiff's credit file, [which caused] a lender [to] require[ ] plaintiff to pay a higher interest rate on his mortgage loan than he would have otherwise." *Moore*, 333 F.Supp.2d at 1365. . . .

*Id.* at 1267-68.

The *Rambarran* court's reasoning was spot-on. *King* is contrary to the trends in the law and its persuasive effect – if any – is eroded by numerous decisions both in this Circuit and elsewhere rejecting its holding.

The Court should likewise give little credit to the R&R's reliance on an unpublished decision from the Western District of Washington. In *Rogers*, the court concluded that a detailed declaration of emotional harm was sufficient to survive summary judgment. The court did not give any reasoning for that conclusion, nor did it cite to any authority to support the proposition that a plaintiff does not need other corroborating evidence of harm.

5

### B.  Under the majority trend of authorities, Plaintiff lacks reliable evidence of actual damages sufficient to support the R&R's conclusion

Not only are *King* and *Rogers* poor authority for the R&R's conclusions but, as detailed in BGC's motion, there is persuasive in-Circuit authority for the proposition that an FCRA Plaintiff must proffer more than their own testimony in proof of emotional or reputational harm. In *Riley v. Equifax Credit Information Services*, 194 F. Supp. 2d 1239 (S.D. Ala. 2002), for example, the Court granted summary judgment in favor of a CRA on a § 1681e(b) claim where the Plaintiff supported his claim for actual damages with nothing more than his own testimony that he was "very upset." *Id.* at 1248. The court emphasized that "[a] claim for mental distress damages must be supported by something more than the plaintiff's own conclusory allegations" and found that such testimony was legally insufficient to be the basis of a claim against any defendant because it is an imprecise and conclusory statement. It offers neither "'a degree of specificity which may include corroborating testimony or medical or psychological evidence in support of the damage award,'" nor "evidence of genuine injury, such as the evidence of the injured party's conduct and the observations of others." *Id.* 1244-45 (emphasis added).

6

In its MSJ, BGC cited numerous cases where Courts in this Circuit and elsewhere have reached the conclusion that a plaintiff must produce evidence beyond their own testimony; the R&R addresses none of those authorities.[1] And, though not cited in BGC's initial motion, still other courts have come to the same conclusion – put simply, the trend of case law is overwhelmingly against the R&R's position. *See, e.g.*, *Caltabiano v. BSB Bank & Trust Co.*, 387 F. Supp. 2d 135, 142 (E.D.N.Y. 2005) ("In order to support a claim for emotional distress damages, a plaintiff must demonstrate they suffered an 'actual injury.' To demonstrate an actual injury, a ***plaintiff generally cannot stand on his subjective testimony alone, but must set forth 'other evidence that such an injury***

---

[1] *See, e.g.*, *Cousin v. Trans Union Corp.*, 246 F.3d 359, 370 (5th Cir. 2001) (reversing jury award of actual damages where only evidence of emotional damages was plaintiff's testimony that he felt frustrated and upset); *Rambarran*, 609 F. Supp. 2d at 1268 (granting summary judgment for a CRA and holding that "an FCRA plaintiff's testimony of emotional distress must be coupled with additional evidence [of] . . . some kind of actual or genuine injury" and collecting cases) (quotation omitted) (alteration in original); *Sampson v. Equifax Info. Servs., Inc.*, No. CV204-187, 2005 WL 2095092, at *5 (S.D. Ga. Aug. 29, 2005) (collecting cases and holding that "[w]hile [plaintiff] need not prove that she confided her distress to a medical professional, the Court agrees that she must produce some form of independent, corroborating evidence of her humiliation and embarrassment at trial to recover compensatory damages for emotional distress"); *Jordan*, 2006 WL 1663324, at *7 ("A plaintiff must first show proof of actual injury, such as evidence of the injured party's conduct and observations of others, for damages to be awarded for mental or emotional distress under the FCRA.").

*occurred.*'") (emphasis added) (quoting *Patrolmen's Benevolent Ass'n of New York v. City of New York*, 310 F.3d 43, 55 (2d Cir.2002)); *Comeaux v. Experian Info. Solutions*, No. CIV.A.2:02 CV 0304, 2004 WL 1354412, at *9 (E.D. Tex. June 8, 2004) ("Evidence showing only that a party felt frustrated, real bad, angry, or irritated is insufficient under *Cousins* to recover for damages for emotional distress."); *Garrett v. Trans Union, L.L.C.*, No. 2:04-CV-00582, 2006 WL 2850499, at *11 (S.D. Ohio Sept. 29, 2006) (stating that "[w]hen the plaintiff's testimony is the only proof of emotional damages, he or she must explain the circumstances of the injury in reasonable detail and cannot simply rely on conclusory statements" and finding that the plaintiff's testimony alone that he felt anxious and upset was "impermissibly conclusory"); Myers v. Bennett Law Offices, 238 F. Supp. 2d 1196, 1206 (D. Nev. 2002) *("[A] plaintiff must support a claim for damages based on emotional distress with something more than his or her own conclusory allegations.*") (emphasis added).  These cases are but a representative sample.²

---

² The only authorities cited by Plaintiff for the contrary proposition were *King* and *Moore*, both of which are addressed herein.  Plaintiff's other case citations all stand for the unremarkable and undisputed proposition that emotional damages are a type of potentially recoverable damages in an FCRA case.  *See* Pl.'s Opp. to BGC's MSJ [Dkt. No. 47-3] at 23-24.

US2008 6122670 5

The R&R does not address any of the foregoing authorities.  This Court should decline to adopt reasoning that would put it out of line with the bulk of courts to ever consider this question, including sister Districts in this Circuit.  Moreover, BGC is raising this objection not just because it disagrees with the R&R but also because the R&R would, if adopted, be out-of-line with a recent Report & Recommendation promulgated by a sister Judge in this District.

In a Report and Recommendation issued in another case just weeks ago, Magistrate Judge King recommended that this Court grant summary judgment in favor of a CRA on a section 1681e(b) claim based on a similar disclaimer.  *See* Final Report and Recommendation, *Taylor v. CoreLogic SafeRent, LLC*, No. 1:13-CV-03435-CAP-JFK (Oct. 23, 2014) [Dkt. No. 50], a true and correct copy of which is attached hereto as **Exhibit A** ("*Taylor* R&R").[3]

In *Taylor*, the plaintiff alleged among other things, that the CRA willfully violated section 1681e(b).  As in this case, the *Taylor* Plaintiff could not prove (and had even abandoned) any argument of direct loss from the report and was seeking only emotional damages.  In her R&R, Magistrate Judge King adopted

---

[3] No party filed objections to the *Taylor* R&R and the case was recently dismissed. *See Taylor*, Stipulation of Dismissal, No. 1:13-CV-03435-CAP-JFK (Nov. 13, 2014) [Dkt. No. 52].

9

precisely the arguments that BGC is making here and rejected the reasoning in *King*:

> Plaintiff has not presented evidence of damages flowing from the MSSO report based on the denial of his leasing application. And, although actual damages may include emotional distress, the court agrees with the courts that conclude, "A plaintiff must first show proof of an actual injury, such as evidence of the injured party's conduct and observations of others, for damages to be awarded for mental or emotional distress under the FCRA." *Jordan*, 2006 WL 1663324, at *7; and see *Rambarran v. Bank of America, N.A.*, 609 F. Supp. 2d 1253, 1267-68 (S.D. Fla. 2009) (finding the decisions in *King v. Asset Acceptance, LLC*, 452 F. Supp. 2d 1272, 1281 (N.D. Ga. 2006), and *Moore v. Equifax Information Services, LLC*, 333 F. Supp. 2d 1360, 1365 & n.3 (N.D. Ga. 2004), allowing for unsupported testimony by a plaintiff to establish emotional distress, unpersuasive and concluding that "the notion that an FCRA plaintiff's 'testimony of emotional distress must be coupled with additional evidence [of] . . . some kind of actual or genuine injury' is consistent with the standard adopted by other courts facing this question") (citations omitted); *Sampson*, 2005 WL 2095092, at *5 (finding "***that [a plaintiff] must produce some form of independent, corroborating evidence of . . . humiliation and embarrassment at trial to recover compensatory damages for emotional distress***"). The record before the court is devoid of any such evidence.

*Taylor* R&R at 20-21 (emphasis added).[4]  This case compels the same outcome.

There is no dispute that Plaintiff cannot prove actual injury to undergird his

---

[4] Although the *Taylor* case also had the extra failure of the Plaintiff to submit even his own testimony of emotional harm, the Taylor R&R quoted at length from the Fifth Circuit's decision in *Cousin*, discussed *supra*, which held that precisely the type of generalized self-serving testimony that Plaintiff has set forth in this case will not allow a Plaintiff to survive summary judgment.

generalized statements of emotional harm, all of which is contrary to the numerous decisions discussed above.

In light of the foregoing authorities and the true absence of evidence of Plaintiff's damages, BGC respectfully objects to the R&R's conclusion with respect to emotional and reputation harm. The Court should grant summary judgment in favor of BGC as to Plaintiff's claim for any damages based on emotional distress or harm to his reputation, which would preclude any remaining claim for negligent violations of the FCRA.

## II. BGC objects to the R&R's conclusion that Plaintiff can prove that BGC willfully violated § 1681e(b) of the FCRA

BGC moved for summary judgment on Plaintiff's claim that BGC willfully violated § 1681e(b) of the FCRA. Section 1681e(b) states: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). As the R&R recognizes, the Supreme Court's decision in *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007), guides courts in deciding when a violation of the statute is willful. *See* R&R at 21-23. Despite the edicts of *Safeco* and the Eleventh Circuit's similar decision in *Levine v. World Fin. Network Nat'l Bank*, 554 F.3d 1314 (11th Cir.

2009), the R&R recommends that the District Court deny BGC's motion with respect to Plaintiff's § 1681e(b) willfulness claim. BGC objects to that conclusion for two reasons.

### A. There is no guidance on what constitutes reasonable procedures and, in light of that, BGC did not willfully violate the FCRA

The R&R recognizes that the *Safeco* analysis allows a consumer reporting agency ("CRA") to avoid willfulness liability where it makes a reasonable interpretation of a "less-than-pellucid" statutory provision, but concludes that § 1681e(b) is clear on its face. R&R at 23-25. That conclusion is misplaced. Section 1681e(b) nowhere defines what procedures amount to "reasonable" and no court or other authority has stated, in the context of matching criminal records, what constitutes reasonable procedures. That is precisely the type of ambiguity and lack of authority that courts have found determinative. *See, e.g.*, *Levine*, 554 F.3d at 1319.

The cases cited by the R&R for the notion that § 1681e(b) is clear on its face only demonstrate that courts have previously acknowledged that § 1681e(b) unambiguously requires accuracy wherever possible. Those cases do not address what it means for procedures to be "reasonable" and the R&R cites no other

authority on that question.  That failure undermines the R&R's entire conclusion with respect to the § 1681e(b) willfulness claim.

Not only does the R&R incorrectly conclude that § 1681e(b) provides guidance as to whether BGC's matching procedures are reasonable, but it also fails to address the evidentiary and legal landscape of BGC's motion.  First, the R&R does not address the unrefuted fact that BGC's procedures result in accuracy in virtually every instance.[5]  Deposition of Craig Kessler [Dkt. 43] at 104:18–106:13 (across a two-year period, BGC has seen an identity mismatch rate of approximately 0.065% of all reports).  Second, the R&R ignores the fact that there is no authority whatsoever for the proposition advanced by Plaintiff (unsupported by evidence as to reasonability yet accepted by the R&R without scrutiny) that BGC is required to match any extraneous and unreliable indicator (*e.g.*, alias) beyond what its procedures already provide for.

The R&R provides no meaningful support – legal or evidentiary –that could allow a reasonable factfinder to conclude that BGC's policies "ran a risk of violating the law substantially *greater than the risk associated with a reading that*

---

[5] Again, it bears stressing that a mere inaccuracy does not prove a § 1681e(b) claim.  *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991).

*was merely careless*, which is the legal standard for willfulness under the FCRA. *Levine*, 554 F.3d at 1318 (quoting *Safeco*, 551 U.S. at 69). The Court should grant BGC summary judgment on Plaintiff's claim that BGC willfully violated 15 U.S.C. § 1681e(b).

    **B.    The report's disclaimer precludes any finding that BGC misled the user of the Report, which is an independent basis to grant BGC summary judgment on the 1681e(b) willfulness claim.**

In addition to the reasons discussed above, the Court should grant BGC summary judgment because the report contains, on its face, a disclaimer that precludes a finding of willfulness as a matter of law.[6] Plaintiff's report includes the following disclaimer on the first page:

> Data is collected from state repositories, counties and correctional institutions. This information is considered public record. All criminal history information reflected should not be considered as 100% complete of an accurate history of any individual.

Report, Ex. A to Declaration of Craig Kessler [Dkt. No. 37-1].

---

[6] BGC did not make any arguments with respect to this disclaimer in motion for summary judgment. This Court has the discretion to consider objections that raise arguments not before the magistrate judge and, given the arguments advanced in the recent *Taylor* R&R, it is appropriate for the Court to consider this argument. *United States v. Franklin*, 694 F.3d 1, 6 (11th Cir. 2012) (district court does not abuse its discretion by accepting an argument not raised before the magistrate judge).

14

In the *Taylor* R&R discussed *supra*, Magistrate Judge King recommended that this Court grant summary judgment in favor of a CRA on a § 1681e(b) willfulness claim based on a similar disclaimer. *Taylor* R&R at 24-25. Her argument was based on the fact that Courts in this Circuit require, for a finding of willfulness, that the CRA willfully *concealed* some fact about the report. *See, e.g.*, Jordan *v. Trans Union LLC*, No. 1:05 CV 305 GET, 2006 WL 1663324, at *7 (N.D. Ga. 2006) ("Only defendants who engage in willful misrepresentations or concealments commit a willful violation and are subject to punitive damages under § 1681n. . . . The mere existence of inaccuracies in a credit report, without more, does not amount to an act in conscious disregard of the plaintiff's rights."); *Neal v. Equifax Information Services LLC*, No. 1:03-CV-0761-WSD, 2005 WL 5249668, at *6 (N.D. Ga. Mar. 4, 2005) ("'[E]ach case where punitive damages have been allowed the defendant's conduct involved willful misrepresentations or concealments.'") (citation omitted); *Parker v. Parker*, 124 F. Supp. 2d 1216, 1226 (M.D. Ala. Sept. 21, 2000) (finding that there was "no evidence of 'willful misrepresentations or concealment'" or that the defendants "'knowingly and intentionally' acted with 'conscious disregard' for the plaintiff's rights") (citations omitted).

With respect to the disclaimer in the *Taylor* case's report, Judge King opined:

> This disclaimer refutes any claim that Defendant misrepresented the nature of the MSSO report to Plaintiff or to a third party or misrepresented the accuracy of the information in the report – in fact, Defendant warned against use of the report absent further verification. While such a warning may be insufficient to support a finding that the MSSO report was, as a matter of law, accurate, the warning nevertheless negates a finding of willful misrepresentation. And the record before the court is devoid of any evidence that Defendant attempted to conceal the report - or any other information about the report - from Plaintiff.
>
> For these reasons, the court finds that Plaintiff has not established sufficient facts to support a finding that Defendant's conduct willfully violated the FCRA and recommends that Defendant's motion for summary judgment be granted on any claim of a willful violation of § 1681e(b).

*Taylor* R&R at 27.

Here, the disclaimer on Plaintiff's report has the same function – it specifically warns any user of the report that BGC does not and cannot guarantee 100% completes or accuracy of the reported information.  It is impossible to conclude that BGC willfully concealed anything about the status of the records or misrepresented the accuracy of the report in light of that disclosure.  Thus, as in *Taylor*, the Court should grant BGC summary judgment on Plaintiff's § 1681e(b) willfulness claim.

Respectfully submitted, this 19th day of November, 2014.

|  |  |
|---|---|
| KILPATRICK TOWNSEND & <br>    STOCKTON LLP <br> 1100 Peachtree St. NE <br> Suite 2800 <br> Atlanta, GA  30309 <br> Telephone:  (404) 815-6500 <br> Facsimile:   (404) 815-6555 | /s/   Ross D. Andre <br> Cindy D. Hanson (GA Bar No. 323920) <br> John P. Jett (GA Bar No. 827033) <br> Ross D. Andre (GA Bar No. 280210) <br> chanson@kilpatricktownsend.com <br> jjett@kilpatricktownsend.com <br> randre@kilpatricktownsend.com |

*Counsel for Defendant E-BackgroundChecks.com*

US2008 6122670 5

## **LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing pleading filed with the Clerk of Court has been prepared in 14 point Times New Roman font in accordance with Local Rule 5.1(C).

Dated: November 19, 2014.

                                                            /s/  Ross D. Andre
                                                            Ross D. Andre

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record:

| | |
|---|---|
| Gregory Joseph Gorski<br>FRANCIS & MAILMAN, P.C.<br>19th Floor, Land Title Building<br>100 South Broad Street<br>Philadelphia, PA  19110 | James Marvin Feagle<br>Skaar & Feagle, LLP-Decatur<br>Suite 204<br>108 East Pone de Leon Ave.<br>Decatur, GA  30030<br><br>Justin T. Holcombe<br>Skaar & Feagle, LLP<br>331 Washington Ave.<br>Marietta, GA 30060 |

    /s/  Ross D. Andre
Ross D. Andre

*Counsel for E-BackgroundChecks.com*