IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TONY SMITH,<br><br>      Plaintiff,<br><br>v.<br><br>E-BACKGROUNDCHECKS.COM, INC.,<br><br>      Defendant. | CIVIL ACTION NO.<br>1:13-CV-2658-MHC-RGV |

## ORDER

This action is before the Court on the Non-Final Report and Recommendation of Magistrate Judge Russell G. Vineyard [Doc. 54] ("R&R"), recommending that Defendant's motion for summary judgment [Doc. 35] be granted in part and denied in part. The Order for Service of the R&R provided notice that, in accordance with 28 U.S.C. § 636(b)(1), each party was authorized to file objections within 14 days of the receipt of that Order.

Plaintiff Tony Smith ("Plaintiff") brings this action against defendant E-BackgroundChecks.com, Inc. ("Defendant" or "BGC"), alleging BGC violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* [Doc. 1]. BGC seeks summary judgment, [Doc. 35], which Plaintiff opposes. [Doc. 47].

Within the required time period, BGC filed objections to the R&R. BGC agreed with portions of the Magistrate Judge's R&R but objected to other portions. [Doc. 56] ("Def.'s Obj."). Plaintiff filed a reply to Defendant's objections. [Doc. 58] ("Pl.'s Reply").[1]

In reviewing a Magistrate Judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72, advisory committee note,

---

[1] Plaintiff's Unopposed Motion for Extension of Time for Plaintiff to Respond to Defendant's Objections to the Report and Recommendations of the Magistrate Judge [Doc. 57] is **GRANTED**, and the Court has considered Plaintiff's Reply [Doc. 58].

1983 Addition, Subdivision (b). Defendant's objections to the Magistrate Judge's recommendations are twofold.

I.  Emotional and Reputational Damages

First, Defendant asserts that Plaintiff has not shown sufficient evidence of emotional and reputational damages under the FCRA. Plaintiff admits not seeking medical treatment, and that he eventually was offered a job with a subsidiary of the company to which the report was provided (which he rejected) (see R&R at 36), but alleges the company's recruiter called him "dishonest and a liar" and that the incident caused him emotional distress resulting "in physical symptoms, including loss of sleep, weight loss, and anxiety." Id. at 36-37.

The Magistrate Judge concluded that Plaintiff had shown sufficient evidence to withstand summary judgment, stating,

> Plaintiff "has provided his own testimony in support of his allegations," and the Court "cannot say, as a matter of law, that [p]laintiff is not entitled to recover damages for emotional distress," especially since "[i]n FCRA cases, a plaintiff is not required to produce evidence of emotional distress beyond his own testimony."

Id. at 37 (citing King v. Asset Acceptance, LLC, 452 F. Supp. 2d 1272, 1281 (N.D. Ga. 2006)). Defendant objects to King as "inapplicable, criticized, and out of line with recent authority nationwide." Def.'s Obj. at 1. Defendant then cites cases (most from outside this jurisdiction) in which courts have found evidence of

3

emotional distress not to be sufficient under the FCRA.[2] Id. at 4-8. The one case Defendant cites from the Northern District of Georgia differs significantly from the case at hand: there, the Plaintiff "testified that he 'cannot honestly say' that [the defendant's] credit reporting practices were the cause of any of his alleged medical conditions." Jordan v. Trans Union LLC, No. 1:05 CV 305 GET, 2006 WL 1663324, at *8 (N.D. Ga. June 12, 2006). The court there noted that the plaintiff "began to experience his alleged ailments, and the symptoms had subsided, prior to the time plaintiff was first aware that [the defendant reported an account] on plaintiff's file. The remainder of plaintiff's complaints such as feeling frustrated and degraded are insufficient, *standing alone* to support damages for mental anguish." Id. (emphasis added).

Similarly, although Defendant points to a recent report and recommendation by another Magistrate Judge in the Northern District of Georgia stating an agreement with Jordan that a plaintiff must show proof of an actual injury (see Def.'s Obj. at 9-10 (discussing Final Report and Recommendation, Taylor v. CoreLogic SafeRent, LLC, No. 1:13-CV-03435-CAP-JFK (Oct. 23, 2014) [Doc.

---

[2] The Court notes that many of the cases cited by Defendant from outside this jurisdiction differ significantly from the instant case. For instance, in Rambarran v. Bank of America, N.A., 609 F. Supp. 2d 1253 (S.D. Fla. 2009), on which Defendant heavily relies, the plaintiff had filed a stipulation with the court that he was not entitled to recover damages for emotional distress.

50])), that report and recommendation was never adopted by the district court. Further, that case involved a plaintiff who failed even to submit his own testimony of emotional harm.

Here, Plaintiff has submitted testimony of emotional harm, which he alleges is due directly to Defendant's conduct. The Court agrees with the Magistrate Judge that Plaintiff's evidence suffices to create a question of fact for the jury. R&R at 37 (citing Rogers v. JPMorgan Chase Bank, N.A., No. C11-1689JLR, 2012 WL 2190900, at *12 (W.D. Wash. June 13, 2012)).

## II.   Willful Violation of § 1681e(b)

Second, Defendant objects to the Magistrate Judge's conclusion that Plaintiff can prove Defendant willfully violated § 1681e(b) of the FCRA. Defendant objects to the Magistrate Judge's R&R for two reasons. First, Defendant argues Section 1681e(b) is ambiguous because it "nowhere defines what procedures amount to 'reasonable' and no court or other authority has stated, in the context of matching criminal records, what constitutes reasonable procedures." Def.'s Obj. at 12. Second, Defendant argues "the Court should grant BGC summary judgment because the report contains, on its face, a disclaimer that precludes a finding of willfulness as a matter of law." Id. at 14. The Court addresses each of these arguments in turn.

A. Potential Ambiguity

First, Defendant argues the statute is ambiguous. In response to Defendant's argument that § 1681e(b) is a "less-than-pellucid" statutory provision, the Magistrate Judge concluded, "courts have found that '§ 1681e(b) does not contain any statutory text that is less than pellucid and which has not been construed in detail by the Court of Appeals.'" R&R at 23 (quoting Price v. Trans Union, LLC, 737 F. Supp. 2d 281, 290 (E.D. Pa. 2010)). The Magistrate Judge continued, noting that "'courts have concluded that the plain language of § 1681e(b) creates an obligation on the part of the [CRA] to ensure the preparation of accurate reports[.]'" Id. (quoting Farmer v. Phillips Agency, Inc., 285 F.R.D. 688, 699 (N.D. Ga. 2012)). Here,

> Dart [Transit Company, the company requesting the report from BGC,] provided plaintiff's complete name to BGC, but BGC returned records that only matched plaintiff's first and last name, a very common name at that, and despite having in its possession plaintiff's complete name and social security number, BGC took no steps prior to issuing its initial report to confirm whether the "Tony Smith" criminal records it provided to Dart were associated with the full name and social security number of plaintiff.

Id. at 24. Specifically,

> Although BGC has submitted evidence of its procedures and its efforts to match criminal records relating to the individual that is the subject of the background report, plaintiff has submitted evidence that despite BGC's efforts, the records reported did not relate to plaintiff, and he has also pointed to other matching identifiers that did not

6

> match his identifying information, as well as shown that BGC is capable of utilizing social security numbers during the dispute process to confirm whether the records are in fact a match to the individual. Indeed, [BGC's President, Craig] Kessler even admitted that the automated computer program had no way of differentiating between individuals with the same name and date of birth, and that after it compiled its initial matching records, it then placed the burden on the prospective employer to indicate whether any records did not match the individual. See [Doc. 43 at 67-68; Doc. 37 ¶ 17].

Id. at 24-25. The Magistrate Judge concluded, "Contrary to BGC's assertions, the Court cannot find, as a matter of law, that no reasonable jury could find that the errors in plaintiff's criminal background report did not result from a willful failure to follow reasonable procedures to assure maximum possible accuracy in preparing the report." Id. at 25 (citing Bradshaw v. BAC Home Loans Servicing, LP, 816 F. Supp. 2d 1066, 1076-77 (D. Or. 2011); Barron v. Trans. Union Corp., 82 F. Supp. 2d 1288, 1299 n.9 (M.D. Ala. 2000)).

Ultimately, this Court finds the R&R well-reasoned, and agrees with the Magistrate Judge that the statute is sufficiently clear, and cannot conclude as a matter of law that no reasonable jury could find a willful failure to follow reasonable procedures to assure maximum possible accuracy in preparing Defendant's report.

B.   Disclaimer

Second, Defendant argues its disclaimer avoids liability. Defendant did not present this argument to the Magistrate Judge.³ Ultimately, regardless of whether Defendant had presented this argument to the Magistrate Judge, the Court finds the "disclaimer" used by Defendant does not negate liability. Defendant notes that Plaintiff's report including the following statement: "Data is collected from state repositories, counties and correctional institutions. This information is considered public record. All criminal history information reflected should not be considered as 100% complete of an accurate history of any individual." Def.'s Obj. at 14.

The disclaimer Defendant presents as an analog (see id. at 14-16 (discussing Final Report and Recommendation, Taylor v. CoreLogic SafeRent, LLC, No. 1:13-CV-03435-CAP-JFK (Oct. 23, 2014) [Doc. 50])) explicitly warned that the listings associated with the report may not pertain to the applicant, and advised taking independent verification of the information before taking adverse action against the applicant. However, Defendant's statement merely appears to clarify that additional information may exist about the individual to which the information

---

³ Plaintiff objects to Defendant's presentation of a new argument, stating district courts are under no obligation to consider new evidence and legal arguments raised for the first time in an objection to a recommendation. Pl.'s Reply at 12 (citing Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009). However, as Defendant states, the district court does not abuse its discretion by so doing. Def.'s Obj. at 14 (citing United States v. Franklin, 694 F.3d 1, 6 (11th Cir. 2012)).

8

provided by Defendant pertains. It does not state that the information may not apply to the individual at all, and does not warn against the use of the report absent further verification.

Further, the law does not require, as Defendant attempts to argue, that there be some active concealment for a willful violation to occur. A willful violation under the FCRA occurs where there is either a knowing or reckless violation of the statute. Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 57-59 (2007). Notably, other than the never-adopted Taylor Report and Recommendation, all cases to which Defendant points in support of its statement that active concealment must occur for a willful violation under the FCRA were pre-Safeco.

Ultimately, the Magistrate Judge's stated legal grounds for his decision are well supported. Accordingly, Defendant's objections [Doc. 56] to the Magistrate Judge's R&R [Doc. 54] are **OVERRULED**.

III. Conclusion

Accordingly, for the reasons stated above, this Court approves and adopts the Magistrate Judge's Non-Final R&R [Doc. 54] as the judgment of the Court. Defendant's motion for summary judgment [Doc. 35] is **GRANTED IN PART AND DENIED IN PART**. Defendant's motion for summary judgment is **GRANTED** as to Plaintiff's § 1681i claim, § 1681k willful claim, and loss of

wages claim, but **DENIED** as to his § 1681e(b) claims, § 1681 negligence claim, and claim for damages based on emotional distress and harm to his reputation. Further, because the Court finds it is with sufficient information to rule on the pleadings, Defendant's motion for oral argument [Doc. 59] is **DENIED**. The Clerk shall **RESUBMIT** the matter to the Magistrate Judge for further proceedings.

    **IT IS SO ORDERED** this 20th day of January, 2015.

_____
MARK H. COHEN
United States District Judge