IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TONY SMITH,<br><br>      Plaintiff,<br><br>v.<br><br>E-BACKGROUNDCHECKS.COM, INC.,<br><br>      Defendant. | CIVIL ACTION NO.<br>1:13-cv-02658-RGV |

**PRETRIAL ORDER**

Pursuant to Local Rule 16.4, Plaintiff Tony Smith and Defendant E-Backgroundchecks.com, Inc., ("BGC") file the following consolidated pretrial order:

**1.    There are no motions or other matters pending for consideration by the Court except as noted:**

The parties may file one or more motions *in limine* in advance of trial. Unless otherwise ordered by the Court, such motions will be filed at least 10 days before trial.

**2. All discovery has been completed, unless otherwise noted, and the Court will not consider any further motions to compel discovery. (Refer to LR 37.1B). Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.**

**3. Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any part as to the misjoinder or non-joinder of any parties.**

**4. Unless otherwise noted, there is no question as to the jurisdiction of the Court; jurisdiction is based upon the following code sections. (When there are multiple claims, list each claim and its jurisdictional basis separately).**

The parties agree that jurisdiction is proper under 28 U.S.C. § 1331 as to

Plaintiff's claim under the federal Fair Credit Reporting Act, 15 U.S.C.

§ 1681e(b).[1]

**5. The following individually-named attorneys are hereby designated as lead counsel for the parties:**

Plaintiff:

Gregory Gorski
Admitted *pro hac vice*
FRANCIS & MAILMAN, P.C.
100 South Broad Street
Land Title Building, 19th Flr
Philadelphia, PA 19110
215-735-8600
ggorski@consumerlawfirm.com

---

[1] Plaintiff is no longer pursuing his claim under 15 U.S.C. § 1681k.

      Defendant:

      Ross D. Andre
      Georgia Bar No. 280210
      KILPATRICK TOWNSEND & STOCKTON LLP
      1100 Peachtree Street, Suite 2800
      Atlanta, GA 30309
      (404) 815-6500
      randre@kilpatricktownsend.com

**6.    Normally, the Plaintiff is entitled to open and close arguments to the jury. (Refer to LR 39.3(B)(3)(b)). State below the reasons, if any, why the Plaintiff should not be permitted to open arguments to the jury.**

      None.

**7.    The captioned case shall be tried (X) to a jury, or (__) to the Court without a jury, or (__) the right to trial by jury is disputed.**

**8.    State whether the parties request that the trial to a jury be bifurcated, *i.e.*, that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.**

Plaintiff:

      The trial should not be bifurcated. Liability and damages witnesses in the case are the same and the facts relating to liability are inextricably intertwined with Plaintiff's alleged damages making bifurcation inappropriate and inefficient.

Defendant:

BGC requests that the trial of this case proceed in two phases.[2] The FCRA allows for the imposition of punitive damages if (and only if) the jury finds that BGC willfully violated the statute. 15 U.S.C. § 1681n. Stated differently, punitive damages are conditional upon a jury finding of willfulness. In light of that fact, BGC proposes two phases for the trial of this case. In the first phase, the jury will determine liability and the amount of compensatory damages, if any, awarded to Plaintiff. In the first phase, the jury will also determine whether BGC willfully violated the Fair Credit Reporting Act and *whether* Plaintiff should be awarded punitive damages. If the jury finds that Plaintiff should be awarded punitive damages, there will be a second phase of the trial, during which the jury will determine the amount of punitive damages awarded to Plaintiff.

Federal Rule of Civil Procedure 42(b) permits bifurcation for "convenience, to avoid prejudice, or to expedite and economize." This type of bifurcation is common in FCRA cases and is appropriate here. *E.g.*, *Ferrarelli v. Federated Fin. Corp. of Am.*, 253 F.R.D. 432 (S.D. Ohio 2008) (granting motion to bifurcate FCRA trial between liability and punitive damages). The question of punitive

---

[2] To the degree necessary, BGC hereby moves the Court for an order bifurcating the trial pursuant to Fed. R. Civ. P. 42(b).

4

damages requires the jury to consider a number of discrete issues—including BGC's financial resources—that have no bearing on any other aspect of the case. Such testimony should be separated into a second phase of the proceedings for two reasons.

First, combining liability and consideration of punitive damages will risk prejudicing the jury, inviting the conclusion that because BGC is a corporation and makes however-much in revenue, the jury should have no qualms about awarding Plaintiff damages, regardless of the merits of the case. The notion of bifurcating consideration of punitive damages to avoid prejudice and jury confusion is well-settled. *E.g.*, *Soliday v. 7-Eleven, Inc.*, No. 2:09-CV-807-FTM-29, 2011 WL 2413656, at *1 (M.D. Fla. June 13, 2011) ("[T]rial courts, when presented with a timely motion, should bifurcate the determination of the amount of punitive damages from the remaining issues at trial.") (citation omitted); *Beauchamp v. Russell*, 547 F. Supp. 1191, 1199 (N.D. Ga. 1982) ("Having carefully considered the contentions of the parties, the court is persuaded that separate trials heard by the same jury as to liability and damages should be held."); *Kimberly-Clark Corp. v. James River Corp. of Va.*, 131 F.R.D. 607, 608-09 (N.D. Ga. 1989) (granting motion to bifurcate trial between liability and damages); *Cross v. Wyeth Pharms.*,

*Inc.*, No. 8:06-cv-429-T-23AEP, 2011 WL 2517211, at *3-4 (M.D. Fla. June 23, 2011) (same); *see also BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 614 (1996) (Ginsburg, J., dissenting) (surveying laws nationwide that, among other things, require "bifurcated trials with separate proceedings for punitive damages determinations").

Second, considering punitive damages issues during a single phase trial will risk wasting judicial resources by presenting evidence that may not needed (or relevant) at all. If the jury finds, in the proposed liability phase, that BGC did not violate the FCRA or that Plaintiff is not entitled to punitive damages, then there will be no need to ever introduce evidence that goes to punitive damages issues—that will be the end of the inquiry. Saving that information for a second phase, if at all, is a better use of the Court's time and resources.

In sum, bifurcation will save time and resources, while proceeding in one omnibus phase will prejudice BGC, confuse the jury, and may result in a needless presentation of sensitive information, wasting time and judicial resources.

**9.     Attached hereto as Attachment "A" and made a part of this Order by reference are the questions which the parties request that the Court propound to the jurors concerning their legal qualifications to serve.**

**10.    Attached hereto as Attachment "B-1" are the general questions which Plaintiff wishes to be propounded to the jurors on voir dire examination.**

**Attached hereto as Attachment "B-2" are the general questions which Defendant wishes to be propounded to the jurors on voir dire examination.**

**The Court shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.**

**11.    State any objections to Plaintiff's voir dire questions:**

Defendant objects to the following questions propounded by Plaintiff

(in Attachment B-1):

- BGC objects to Plaintiff's Question No. 13, which states: "Do you believe that legitimate lawsuits cause insurance rates to be too high?" BGC objects to this question on the grounds that it is inappropriate to make suggestions about insurance coverage in voir dire questions because a juror might infer that BGC's insurance coverage is a reason to impose damages where they may otherwise not be appropriate. The law allows an examination about potential bias or relationships with insurance companies, which the parties

7

have included in Attachment A; any other discussion of insurance is inappropriate and prejudicial. *See Louisville & N. R. Co. v. Williams*, 370 F.2d 839, 841-42 (5th Cir. 1966) (noting that it is appropriate to ask questions about "possible interest of jurors in the insurance company affected" but even that, and any other question about insurance, requires a careful balancing to avoid prejudice). BGC also objects to this question on the grounds that it is irrelevant—there is no issue in this case about insurance rates.

- BGC objects to Plaintiff's Question No. 14 which states: "Do you have any strong beliefs about tort reform?" BGC objects to this question on the grounds that it is vague and ambiguous—it is not clear what "tort reform" means and the question is likely to confuse potential jurors. BGC also objects to this question on the grounds that it is irrelevant because this case is not about tort reform.

<u>Plaintiff objects to the following questions propounded by Defendant (in Attachment B-2):</u>

Plaintiff objects to proposed questions 4 through 8. The question all would otherwise require the juror to openly discuss whether they have ever been arrested

or convicted of a crime or wrongfully accused of having committed a crime which may cause other jurors to exhibit prejudices against that juror if made know and would be forcing a juror to publically disclose highly personal information which could cause substantial embarrassment and humiliation to that juror and otherwise affect that person's ability to serve as a juror.

**All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise.  The parties must state in the space provided below any requests for additional strikes.  Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870.  *See* Fed. R. Civ. P. 47(b).**

**12.   State whether there is any pending related litigation.  Describe briefly, including style and civil action number.**

> There is no pending related litigation.

**13.   Attached hereto as Attachment "C" is Plaintiff's outline of the case which includes a succinct factual summary of Plaintiff's causes of action and which shall be neither argumentative nor recite evidence.  All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by Plaintiff shall be listed under a separate heading.  In negligence cases, each and every act of negligence relied upon shall be separately listed.  For each item of damage claimed, Plaintiff shall separately provide the following information:  (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage.  Items of damage not identified in this manner shall not be recoverable.**

**14.   Attached hereto as Attachment "D" is Defendant's outline of the case which includes a succinct factual summary of all general, special, and**

9

**affirmative defenses relied upon and which shall be neither argumentative nor recite evidence.  All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading.  For any counterclaim, Defendant shall separately provide the following information for each item of damage claimed:  (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage.  Items of damage not identified in this manner shall not be recoverable.**

**15.    Attached hereto as Attachment "E" are the facts stipulated by the parties.  No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the begin of the trial or at such other time as is appropriate in the trial of the case.  It is the duty of counsel to cooperate fully with each other to identify all undisputed facts.  A refusal to do so may result in the imposition of sanctions upon the non-cooperating counsel.**

**16.    The legal issues to be tried are as follows:**

The parties agree that the following are legal issues to be tried:

- Did Defendant e-Backgroundchecks.com, Inc. negligently violate 15 U.S.C. § 1681e(b)?

- Did Defendant e-Backgroundchecks.com, Inc. willfully violate 15 U.S.C. § 1681e(b)?

In addition, BGC submits that the following is a legal issue to be tried; Plaintiff disagrees:

- Did Plaintiff present sufficient evidence of his emotional distress to recover damages for Defendant's conduct?

10

**17.** Attached hereto as Attachment "F-1" for Plaintiff and Attachment "F-2" for Defendant is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an opinion under Rule 702), impeachment, and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included. Each party shall also attach to the list a reasonably specific summary of the expected testimony of each expert witness.

All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness's testimony by other means. Witnesses who are not included on the witness list (including expert, impeachment, and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based on upon a showing that the failure to comply was justified.

**18.** Attached hereto as Attachment "G-1" for Plaintiff and Attachment "G-2" for Defendant are the typed lists of all documentary and physical evidence will be tendered at trial. Attached hereto as Attachment "G-3" is a list of joint exhibits. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to Plaintiff's exhibits, numbered blue stickers to Defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

11

**Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised.  Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included.  Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.**

**Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial.  Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the Court.  Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.**

**Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial.  Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.**

**19.   The following designated portions of the testimony of the persons listed below may be introduced by deposition:**

For Plaintiff:

**Peggy O'Neill:**  8:2(at "Where") – 8:4; 8:12 (at "What") – 8:15; 10:11-18; 11:3-14; 11:20-25; 19:20-22; 19:25-20:20 (at "on"); 21:2 – 21:8; 34:11-17; 36:21 (at "was") – 37:17; 37:20-22; 37:25 – 38:15.

For Defendant:

*Designations for deposition of Peggy O'Neill (Jan. 28, 2014)*

> 4:16-5:16; 6:13-20; 7:5-23; 8:2-4; 8:12-15; 10:11-18; 11:3-14; 13:20-14:17; 19:20-22; 19:25-20:23; 23:21-23; 24:2-3; 24:6-9; 24:21-25:12; 25:15-18; 25:24-25; 26:7-10; 26:12; 26:21-23; 27:25-28:16; 29:9-13; 30:5-15; 30:20-22; 30:25-31:6; 38:25-39:3

*Designations for deposition of Randy Luckow (Feb. 10, 2014)*

> 4:15-5:13; 6:8-15; 7:7-20; 8:18-9:24; 10:20-11:20; 11:25-12:2; 12:12-16; 13:19-14:16; 15:20-16:2; 17:2-4; 17:8-15; 17:19-18:14; 18:24-19:20; 20:24-21:2; 21:9-15; 21:17-19; 21:21-25; 22:4-19

**Any objections to the depositions of the foregoing persons or to any questions or answers in the deposition shall be filed in writing no later than the day the case is first scheduled for trial. Objections not perfected in this manner shall be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.**

**20.    Attached hereto as Attachment "H-1" for Plaintiff, Attachment "H-2" for Defendant, and Attachment "H-3," etc. for other parties, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.**

**21.    In the event this is a case designated for trial to the Court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered. In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury.**

**Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt**

13

and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

**22.     If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" of this Pretrial Order.  If counsel cannot agree on a special form of submission, parties will propose their separate forms for consideration of the Court.**

**23.     Unless otherwise authorized by the Court, arguments in all jury cases shall be limited to one-half hour for each side.  Should any party desire any additional time for argument, the request should be noted (and explained herein).**

**24.     If the case is designated for trial to the Court without a jury, counsel are directed to submit proposed findings of fact and conclusion of law not later than the opening of trial.**

Not applicable.

**25.     Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties have not met in person to discuss the possibility of settlement, but discussed it by telephone and by e-mail in the weeks following the Court's decision on Defendant's Motion for Summary Judgment.  The Court (__) has or (X) has not discussed settlement of this case with counsel.  It appears at this time that there is:**

   (__) A good possibility of settlement.
   (__) Some possibility of settlement.
   (X) Little possibility of settlement.
   (__) No possibility of settlement.

14

**26. Unless otherwise noted, the Court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the Court.**

The parties understand that the Court has specially set this case for trial during the week of June 8, 2015. The parties request a pretrial conference to resolve any issues raised by the positions each party has taken in this pretrial order and to otherwise ensure that both parties are fully prepared for trial.

**27. Plaintiff estimates that he will require 1-2 days to present his evidence. Defendant estimates that it will require 1 days to present its evidence. It is estimated that the total trial time is 2-3 days.**

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above-captioned case (X) submitted by stipulation of the parties or (__) approved by the Court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments hereto, constitutes the pretrial order in the above-captioned case and that it supersedes the pleadings where are hereby amended to confirm hereto and that this pretrial order shall not be amended except by order of the Court to prevent manifest injustice. Any attempt to reserve the right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any part or the Court, unless specifically authorized in writing by the Court.

15

IT IS SO ORDERED this ____ day of _____, 2015.

_____
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this Court.

| /s/ Gregory Gorski | /s/ Ross D. Andre |
|---|---|
| Gregory Joseph Gorski (*pro hac vice*) | Cindy D. Hanson (GA Bar No. 323920) |
| FRANCIS & MAILMAN, P.C. | Ross D. Andre (GA Bar No. 280210) |
| 19th Floor, Land Title Building | chanson@kilpatricktownsend.com |
| 100 South Broad Street | randre@kilpatricktownsend.com |
| Philadelphia, PA  19110 | |
| | KILPATRICK TOWNSEND & STOCKTON LLP |
| James Marvin Feagle (GA Bar No. 256916) | 1100 Peachtree St. NE, Suite 2800 |
| SKAAR & FEAGLE, LLP-Decatur | Atlanta, GA  30309 |
| Suite 204 | Telephone:  (404) 815-6500 |
| 108 East Pone de Leon Ave. | Facsimile:   (404) 815-6555 |
| Decatur, GA  30030 | |
| | *Counsel for Defendant E-BackgroundChecks.com, Inc.* |
| *Counsel for Plaintiff Tony Smith* | |

## **LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing pleading filed with the Clerk of Court has been prepared in 14 point Times New Roman font in accordance with Local Rule 5.1(C).

Dated: April 10, 2015.

                                                /s/  Ross D. Andre
                                               Ross D. Andre

US2008 6315009 1

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2015, I electronically filed the foregoing **PRETRIAL ORDER** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record:

Gregory Joseph Gorski
FRANCIS & MAILMAN, P.C.
19th Floor, Land Title Building
100 South Broad Street
Philadelphia, PA  19110

James Marvin Feagle
Skaar & Feagle, LLP-Decatur
Suite 204
108 East Pone de Leon Ave.
Decatur, GA  30030

Justin T. Holcombe
Skaar & Feagle, LLP
331 Washington Ave.
Marietta, GA  30060

                                                    /s/  Ross D. Andre
                                                Ross D. Andre

                                                *Counsel for E-BackgroundChecks.com*