## ATTACHMENT G-1

## PLAINTIFF'S LIST OF DOCUMENTARY AND PHYSICAL EVIDENCE

| Exhibit | Description |
|---|---|
| 1 | Criminal Docket – 51-CR-0109101-2002 – Philadelphia County |
| 2 | Criminal Docket – 51-0608151-2005 – Philadelphia County |
| 3 | Criminal Docket – 51-0029940-2011 – Philadelphia County |
| 4 | Criminal Complaint – Commonwealth v. Tony Smith – 11/27/02 |
| 5 | Criminal Complaint – Commonwealth v. Tony Smith – 7/13/11 |
| 6 | E-Backgoundcheck.com report provide to Dart (SMITH 2 – 4) |

## **DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EXHIBITS**

Exhibits No. 1, 2, 3, 4, 5

BGC objects to Plaintiff's Exhibits No. 1, 2, 3, 4, and 5, each on the same ground. Specifically, BGC objects to these exhibits all on the grounds that each one was never produced to BGC in discovery. BGC is not certain it has ever seen any of the documents labeled as Exhibits 1-5 and, based on the descriptions provided, is not certain to what document Plaintiff refers in Exhibits 1-5. BGC thus objects that Exhibits No. 1, 2, 3, 4, and 5 are beyond the scope of usable evidence in this trial.

In its document requests served more than 18 months ago (September 30, 2013), BGC requested that Plaintiff produce "[a]ll documents that [he] will introduce as evidence at any hearing, trial or deposition in this action." Exhibits No. 1, 2, 3, 4, and 5 are responsive to that Request (and others) but Plaintiff has never produced any of them. Moreover, parties extended the discovery period, meaning that Plaintiff had almost five full months of discovery to produce these documents. He never did so, nor has he attempted to produce it since the close of discovery.[*]

---

[*] Exhibit No. 1 may be among the scattered papers that Plaintiff attached to his counter statement of material facts in opposition to BGC's motion for summary judgment, though it is not clear. In any case, BGC's objection stands – Exhibit No. 1 is a document never produced in the course of

The use of "surprise" documents never produced to the other side in discovery warrants excluding Exhibit No. 1.  *See Huckelbery v. Orlando Police Dep't*, No. 6:13-cv-960-Orl-40TBS, 2015 WL 1020520 (M.D. Fla. Mar. 9, 2015) (granting motion to strike trial exhibits not produced in discovery); *see also United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958) (emphasizing the importance of discovery so that trial is "less a game of blindman's bluff and more a fair contest" based on full disclosure during the discovery process); *Venture Indus. Corp. v. Autoliv ASP, Inc.*, 457 F.3d 1322, 1331 (Fed. Cir. 2006) ("Failure to produce material in response to legitimate discovery requests can constitute misconduct . . . .").  Even if Plaintiff were to produce Exhibits No. 1-5 immediately, BGC still objects to its use an exhibit on the ground that BGC has been denied a full and fair opportunity to take discovery based on that document; there is no excuse for Plaintiff's failure to produce surprise material that is now apparently essential to his case.

Given its unfamiliarity with these documents, BGC also objects to the authenticity of Exhibits No. 1, 2, 3, 4, and 5, the relevance of Exhibits No. 1, 2, 3, 4, and the hearsay potentially contained in Exhibits No. 1, 2, 3, 4.

---

discovery, never subject to appropriate authentication or evidentiary review, and never properly the subject of cross-examination.  If it is a part of Plaintiff's summary judgment opposition, the first time it was produced was months after the close of discovery.