## ATTACHMENT G-2

## DEFENDANT'S LIST OF DOCUMENTARY AND PHYSICAL EVIDENCE

| **Def.'s Ex. No.** | **Bates No.** | **Date** | **Description** |
|---|---|---|---|
| 1 | DART000098-101 | 09/19/2012 | Consumer report about Tony Smith provided to Dart Transit |
| 2 | BGC000006-9 | 09/12/2012 | Letter mailed to Tony Smith |
| 3 | BGC000150-177 | | Backgroundchecks.com terms |
| 4 | BGC000001 | 09/17/2012 | E-mail from Carmen Gomez to lalvarado@dart.net, subject: "Applicant Dispute Notification" |
| 5 | BGC000002 | 09/19/2012 | E-mail from Carmen Gomez to lalvarado@dart.net, subject: "Applicant Dispute Resolution Updated Report" |
| 6 | BGC000010-20 | 09/19/2012 | Dispute response letter, and corrected consumer report, mailed to Tony Smith |
| 7 | DART000022 | 2012 | W-2 for Tony Smith from Dart Air Freight Inc.[†] |
| 8 | DART000002-7 | 09/25/2012 | Dart Pre-Employment and Enrollment Application for Tony Smith[*] |
| 9 | DART000035-37 | 01/14/2013 | Dart Notice of Breach and Reimbursement letter to Tony Smith[*] |
| 10 | DART000068-71 | 09/11/2012 | Dart certification questionnaire for Tony Smith[*] |
| 11 | DART000085-86 | 09/17/2012 | The Work Number employment verification report for Tony Smith[*] |
| 12 | BGC000025 | 09/17/2012 | BGC dispute notification form for Tony Smith |

Defendant submits this list without waiving any of its rights, including the right to amend or supplement this list based on the Court's ruling on motions *in limine*. Defendant also reserves the right to use (and hereby designates as its own

---

[†] Defendant hereby gives Plaintiff notice that it intends to introduce each document marked with an asterisk (*) as a self-authenticating certified domestic record of a regularly conducted activity pursuant to Fed. R. Evid. 902(11). Defendant has previously produced each record to Plaintiff for inspection; Defendant has previously produced a certification showing that each record meets the requirements of Fed. R. Evid. 803(6)(A)-(C) for Plaintiff's inspection.

trial exhibit) any exhibit identified on Plaintiff's exhibit list or otherwise submitted by Plaintiff.  Defendant reserves the right to use additional exhibits to impeach a witness, or in cross-examination of Plaintiff's witnesses or other adverse witnesses.  Defendant also reserves the right to introduce any pleadings in the case or any of Plaintiff's discovery responses not already identified on Defendant's exhibit list.  Finally, Defendant reserves the right to supplement with list with any documents not reasonably available to Defendant now, including any exhibits from depositions not yet conducted.

## PLAINTIFF'S OBJECTIONS TO PLAINTIFF'S EXHIBITS

**Defendant Exhibits 3, 4, 5, 7, 8, 9, 10, 11 – Relevance** – Plaintiff has conferred with counsel for Defendant on the intended purpose for which these exhibits would be used at trial. Defendant could not confirm whether it was in fact actually going to use these exhibits at trial at this time, and if so, for what purpose defendant would seek to have these exhibits admitted as evidence.  Accordingly, until such time that it becomes more clear as to whether Defendant actually intends to use these exhibits and for what reason, Plaintiff maintains that these documents are irrelevant to subjects at issue for trial.

To the extent Defendant has implicitly designated the pleadings or discovery responses submitted during discovery, Plaintiff also object to the use of those documents because they are not evidence.

Plaintiff further objects to the extent Defendant's designation imply that it intends to use exhibits (stated as "not available") which have not previously been made known to Plaintiff. Plaintiff further is not aware of any deposition that has not yet been conducted and object to the extent Defendant's designation implies an intention to conduct additional depositions.