**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| TONY SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>E-BACKGROUNDCHECKS.COM, INC.,<br><br>    Defendant. | CIVIL ACTION NO.<br>1:13-cv-02658-RGV |

**DEFENDANT'S MOTION *IN LIMINE***

　　　Defendant E-backgroundchecks.com, Inc. ("BGC") respectfully moves for a pretrial ruling barring any evidence, testimony, or reference at trial to certain issues. Specifically, BGC moves for an order excluding any discussion of (1) other lawsuits filed against BGC or (2) BGC's insurance coverage. Additionally, BGC moves for an order excluding any discussion during the first phase of this bifurcated trial of BGC's finances or any other evidence that bears solely on determining an amount of punitive damages. In support of this motion, BGC respectfully shows the Court as follows:

1

**ARGUMENT AND CITATION TO AUTHORITY.**

A motion *in limine* presents a pretrial issue of admissibility for the Court's determination. *Stewart v. Hooters of Am., Inc.*, No. 8:04-cv-40-T-17-MAP, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007). "The real purpose of a Motion In Limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably effect the fairness of the trial." *Id.* Although the Federal Rules of Evidence do not explicitly authorize such motions, the Supreme Court has recognized that the practice of excluding matters through motions *in limine* "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). BGC, as the movant, has the burden of proving that the evidence in question is "clearly inadmissible" such that a preliminary determination, outside the presence of the jury, is appropriate. *Stewart*, 2007 WL 1752843, at *1.

**I.     The Court should exclude any testimony, evidence, or mention of other lawsuits filed against BGC.**

In discovery, Plaintiff asked BGC to identify every lawsuit it had defended in the preceding five years that involved an FCRA claim based on "criminal record information that did not belong to the consumer who waged the dispute." Pl.'s

2

Interrog. No. 18.  In response, BGC interposed a number of objections but nonetheless identified five prior lawsuits in which a consumer alleged that BGC reported records that did not belong to the consumer.[1]  The Court should exclude any evidence, testimony, or reference to those lawsuits or any other filed against BGC.

Federal Rule of Evidence 402 provides that "relevant evidence" is generally admissible, while irrelevant evidence is not.  Federal Rule of Evidence 403 then sets forth a balancing test for when evidence that is arguably relevant should nonetheless be excluded:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 403.  As an initial matter, evidence of other lawsuits is irrelevant.  The mere fact that BGC has been sued does not prove or disprove liability in this case, which asks whether BGC's actions *as applied to Plaintiff* violated the law.

Even if evidence of other lawsuits is arguably relevant, the Court should nonetheless exclude it under Rule 403's balancing test.  Merely presenting the fact

---

[1] The response should have only listed four lawsuits.  One of the five identified involved only state law claims, not an FCRA claim, and was not responsive to the interrogatory.

3

that BGC has been sued as a suggestion of endemic wrongdoing will lead to unfair prejudice, will confuse the issues (*i.e.*, did BGC violate the FCRA in this case), and will mislead the jury with the notion that an *accusation* of wrongdoing in another case might be tantamount to *proof* of wrongdoing.  Importantly, in no other lawsuit has a court or jury ever found that BGC violated the FCRA, and suggesting the same is a risk of prejudice that far outweighs the limited probative value such evidence might have.  *See, e.g.*, *Godwin v. Burkhalteri*, No. 2:12cv164-WHA-CSC, 2013 WL 4544313, at *1 (M.D. Ala. Aug. 27, 2013) (holding that evidence of other accusations in other cases, even if there is some probative value, would be "substantially outweighed by the danger of confusion of the issues under Rule 403 of the Federal Rules of Civil Procedure").

## II.   The Court should exclude any testimony, evidence, or mention of BGC's insurance coverage that could be applicable to this case.

BGC has produced to Plaintiff a copy of its primary insurance policy that might be applicable to the claims raised in this lawsuit.  The Court should exclude any evidence that references or suggests that BGC has insurance coverage.  Federal Rule of Evidence 411 sets forth the strong presumption against the admissibility of the fact of insurance, providing that:  "Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted

negligently or otherwise wrongfully." That prohibition is black letter law that should preclude any use of insurance in this case to suggest that BGC acted wrongfully.

Even if Plaintiff were to offer evidence of BGC's insurance coverage for another purported purpose, the Court should exclude it. The only conceivable effect that mentioning insurance coverage could have is to suggest to the jury that BGC will not be financially responsible for any damages and, as a result, that the jury should feel more inclined to award damages. That inference, whether Plaintiff suggests it directly or not, would be both unfairly prejudicial to BGC (against whom liability and damages should be decided solely on the merits of the case) and would mislead the jury, both of which are clear bases for exclusion under Fed. R. Evid. 403. *See, e.g.*, *Payne v. May*, No. 4:06-CV-254-HLM, 2009 WL 6365402, at *2 (N.D. Ga. Mar. 13, 2009) (excluding "Evidence, Testimony, or Reference to Insurance Coverage").

### III. The Court should exclude any discussion of BGC's financial position, net worth, or similar topics in the first phase of the trial.

In the proposed pretrial order that the parties submitted to the Court, Plaintiff and BGC disagreed over whether trial of this case should be bifurcated between liability/compensatory damages, on the one hand, and punitive damages, on the

other. (Dkt. No. 66). The Court, in adopting the pretrial order, ruled that "Defendant's request for a bifurcated trial is GRANTED." (Dkt. No. 67). In light of that order, the only question that the jury can consider with respect to punitive damages during the first phase of the trial is *whether* to impose them upon a finding of willfulness. All discussion of the amount of those damages, and the evidence and factors supporting a request for the same, should be excluded entirely until the second phase of the trial, if necessary.

## CONCLUSION

For the reasons set forth above, BGC respectfully moves for a pretrial order excluding any discussion of (1) other lawsuits filed against BGC or (2) BGC's insurance coverage. Additionally, BGC moves for an order excluding any discussion of BGC's finances, net worth, or similar topics during the first phase of this bifurcated trial.

Respectfully submitted, this 20th day of May, 2015.

|  |  |
|---|---|
| KILPATRICK TOWNSEND & <br>   STOCKTON LLP <br> 1100 Peachtree St. NE <br> Suite 2800 <br> Atlanta, GA 30309 <br> Telephone: (404) 815-6500 <br> Facsimile: (404) 815-6555 | /s/ Ross D. Andre <br> Cindy D. Hanson (GA Bar No. 323920) <br> John P. Jett (GA Bar No. 827033) <br> Ross D. Andre (GA Bar No. 280210) |

chanson@kilpatricktownsend.com
jjett@kilpatricktownsend.com
randre@kilpatricktownsend.com

*Counsel for Defendant E-BackgroundChecks.com*

## **LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing pleading filed with the Clerk of Court has been prepared in 14 point Times New Roman font in accordance with Local Rule 5.1(C).

Dated: May 20, 2015.

                                                  /s/  Ross D. Andre
                                                Ross D. Andre

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record:

| | |
|---|---|
| Gregory Joseph Gorski<br>FRANCIS & MAILMAN, P.C.<br>19th Floor, Land Title Building<br>100 South Broad Street<br>Philadelphia, PA  19110 | James Marvin Feagle<br>Skaar & Feagle, LLP-Decatur<br>Suite 204<br>108 East Pone de Leon Ave.<br>Decatur, GA  30030<br><br>Justin T. Holcombe<br>Skaar & Feagle, LLP<br>331 Washington Ave.<br>Marietta, GA 30060 |

　　　　　　　　　　　　　　　　 /s/  Ross D. Andre
　　　　　　　　　　　　　　　　Ross D. Andre

　　　　　　　　　　　　　　　　*Counsel for E-BackgroundChecks.com*

9