## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| TONY SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>E-BACKGROUNDCHECKS.COM, INC.,<br><br>    Defendant. | CIVIL ACTION NO.<br>1:13-cv-02658-RGV |

### DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE*

Defendant E-backgroundchecks.com, Inc. ("BGC") has moved to bar the presentation of any evidence, testimony, or reference at trial to three discrete issues—other lawsuits against BGC, BGC's insurance coverage, and evidence going solely to punitive damages during the first phase of the trial.[1]  In response, Plaintiff has indicated that he does not intend to introduce evidence of insurance coverage or punitive damages evidence during the first phase.  He does, however, assert that he should be allowed to discuss unrelated lawsuits, for which he has no evidence of the nature of the underlying claim, as supposed proof that BGC had

---

[1] BGC has separately asserted objections to certain of Plaintiff's proposed trial exhibits, which are not the subject of the present motion and BGC expects will be addressed either at the pretrial conference or during trial as necessary.

1

"notice" of a defect in its system. The Court should exclude that evidence under Fed. R. Evid. 403.

Plaintiff's opposition dwells on cases (discussed in more detail below) that only stand for the proposition that, in a products liability context, evidence of other occurrences caused by a common defect may sometimes be admissible. By contrast, courts considering the precise question of whether evidence of *other lawsuits* is admissible have repeatedly held that it should be excluded because it is both irrelevant and risks jury confusion and prejudice. *Miller ex rel. Miller v. Ford Motor Co.*, No. 2:01-CV-545-FTM-29DNF, 2004 WL 4054843, at *12-13 (M.D. Fla. July 22, 2004) (granting motion *in limine* to exclude evidence of other irrelevant lawsuits because "[s]uch evidence is not relevant to any material issue, its prejudice outweighs any probative value, and it creates a substantial risk of confusing the jury and wasting time."); *Houston v. 7-Eleven, Inc.*, No. No. 8:13-CV-1845-TG-17AEP, 2014 WL 5529318, at *2 (M.D. Fla. Oct. 31, 2014) (excluding evidence of other lawsuits); *See, e.g.*, *Godwin v. Burkhalteri*, No. 2:12cv164-WHA-CSC, 2013 WL 4544313, at *1 (M.D. Ala. Aug. 27, 2013) (same); *Jowers v. State Farm Fire & Cas. Co.*, No. 1:04-cv-1213-MEF, 2006 WL 5164785, at *1 (M.D. Ala. Sept. 29, 2006) (same); *Rushing v. Wells Fargo Bank,*

*N.A.*, No. 8:10-cv-1572-T-24-AEP, 2012 WL 3155790, at *1 (M.D. Fla. Aug. 3, 2012) ("[E]vidence of other lawsuits is not normally relevant and not permitted.").

Plaintiff argues that the fact that BGC has been sued on four[2] prior occasions in which consumers brought FCRA claims and alleged that BGC reported records not belonging to them is admissible because it can be used to show "notice of a particular defect or danger." Opp. at 1. Plaintiff's reliance on *Hessen for Use & Benefit of Allstate Ins. Co. v. Jaguar Cars, Inc.*, 915 F.2d 641, 650 (11th Cir. 1990), however, is misplaced. In *Hessen*, the Eleventh Circuit was considering the admissibility of evidence of other accidents in a products liability case, not evidence of other lawsuits. As such, the evidentiary proffer in *Hessen* was distinguishable in at least two important respects. First, the evidence was presented by an expert witness with appropriate context and analysis; Plaintiff has no such contextualization here. Second, the evidence was observable—*i.e.*, it was evidence of actual defects in cars, not the mere allegation of wrongdoing in a lawsuit, with no supporting facts, as Plaintiff offers here. Moreover, the rule in

---

[2] As BGC indicated in its motion, though it identified five lawsuits in its interrogatory responses, it has determined that one was not responsive to the interrogatory and should not have been included in the initial responses. Plaintiff's opposition nonetheless describes five lawsuits.

*Hessen* notwithstanding, courts have repeatedly held that evidence of other lawsuits, in particular, is not probative enough to warrant admission.  *See supra.*

For the same reasons, Plaintiff's reliance on the "substantial similarity" doctrine is misplaced.  *See* Opp. at 1-2.  Plaintiff has no evidence to support his belief that the lawsuits identified in BGC's interrogatories are "substantially similar," in either time or subject matter, to this case.  Plaintiff's interrogatory request asked BGC to go back *five years* (from December 2013) and, given the FCRA's two-year statute of limitation, it is possible that the conduct complained of in any of the identified lawsuits could have occurred as early as 2006, well before Plaintiff's report in 2012.

Likewise, the interrogatory simply asked for lawsuits in which a consumer alleged that BGC reported records not belonging to the consumer.  Plaintiff has no evidence regarding the type of product at issue in each case or the particular factual circumstances surrounding any particular report, which means that Plaintiff has to assume that there were meaningfully similar conditions.  Again, that supposition reinforces BGC's central concern:  that Plaintiff is simply guessing that the lawsuits identified even concerned the type of reporting that is at issue in this case.  That belief falls well short of his evidentiary burden of proving the admissibility of

the evidence and the substantial similarity.  *Heath v. Suzuki Motor Corp.*, 126 F.3d 1391, 1396 n. 12 (the burden is on Plaintiff to show that "conditions substantially similar to the occurrence caused the prior accidents").  Courts applying the substantial similarity doctrine have found that where the plaintiff cannot show that the underlying "event or condition" was the same in separate lawsuits, they should be excluded.  *Custer v. Terex Corp.*, No. 4:02-CV-0038-HLM, 2005 WL 5974434, at *14-15 (N.D. Ga. May 17, 2005) (applying the substantial similarity doctrine and concluding that evidence of other lawsuits was not admissible).

     Finally, Plaintiff argues that BGC does not "specifically describe what prejudice it would incur beyond vague statements that jury [sic] might somehow be confused or misled."  Opp. at 2.  That, however, is precisely the prejudice, and one that the cases cited above have recognized repeatedly:  allowing Plaintiff to preset four other accusations of wrongdoing will invite the jury to make a snap judgment that an allegation in a lawsuit is proof that BGC did in fact report records not belonging to a particular consumer, or that another jury determined that BGC violated the FCRA.[3]

---

[3] That same supposition pervades Plaintiff's entire theory—he argues that these lawsuits should give BGC "notice" of defects in its system, which presupposes that the lawsuits had any merit.  A baseless allegation that BGC did something wrong provides no notice to BGC because there was, in fact, no defect at issue.

5

...

It would be unfairly prejudicial to ask BGC to undertake the burden of having to rebut that presumption, particularly when Plaintiff intends to present this evidence devoid of any context.[4]  It would risk this trial devolving into mini-trials of the other lawsuits, with BGC having to provide evidence of the facts underlying other cases and explaining that it has never been found to have violated the FCRA. It is for exactly this reason that courts in this Circuit have found that evidence of other lawsuits should be excluded under Fed. R. Evid. 403.  *See, e.g.*, *Godwin*, 2013 WL 4544313, at *1 (holding that evidence of other accusations in other cases, ***even if there is some probative value***, would be "substantially outweighed by the danger of confusion of the issues under Rule 403 of the Federal Rules of Civil Procedure").

For these reasons, and those set forth in more detail in BGC's motion *in limine*, the Court should exclude any evidence, testimony, or reference at trial to other lawsuits filed against BGC.

Respectfully submitted, this 2nd day of June, 2015.

*[signature on the following page]*

---

[4] Plaintiff has no knowledge of the underlying facts of any lawsuit, or the outcome (beyond what is available on public filings), and can suggest only the inference that because BGC was sued then, *ipso facto*, it must have violated the law.

|  |  |
|---|---|
|  | /s/  Ross D. Andre |
| KILPATRICK TOWNSEND & STOCKTON LLP | Cindy D. Hanson (GA Bar No. 323920) |
|  | John P. Jett (GA Bar No. 827033) |
| 1100 Peachtree St. NE | Ross D. Andre (GA Bar No. 280210) |
| Suite 2800 | chanson@kilpatricktownsend.com |
| Atlanta, GA  30309 | jjett@kilpatricktownsend.com |
| Telephone:  (404) 815-6500 | randre@kilpatricktownsend.com |
| Facsimile:   (404) 815-6555 |  |

*Counsel for Defendant E-BackgroundChecks.com*

## LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing pleading filed with the Clerk of Court has been prepared in 14 point Times New Roman font in accordance with Local Rule 5.1(C).

Dated: June 2, 2015.

                                                /s/  Ross D. Andre
                                                Ross D. Andre

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record:

| | |
|---|---|
| Gregory Joseph Gorski<br>FRANCIS & MAILMAN, P.C.<br>19th Floor, Land Title Building<br>100 South Broad Street<br>Philadelphia, PA  19110 | James Marvin Feagle<br>Skaar & Feagle, LLP-Decatur<br>Suite 204<br>108 East Pone de Leon Ave.<br>Decatur, GA  30030<br><br>Justin T. Holcombe<br>Skaar & Feagle, LLP<br>331 Washington Ave.<br>Marietta, GA 30060 |

    /s/  Ross D. Andre
Ross D. Andre

*Counsel for E-BackgroundChecks.com*